THE SEDGWICK CITY BANK v. E. E. POLLARD.
No. 345.*

1. EVIDENCE—*Title and Ownership.* The evidence in this case examined, and held not to establish ownership of the property in controversy in the plaintiff in error.

2. VOID LIEN—*Execution Creditors.* A lien on personal property, not reduced to possession or recorded, is void as to execution creditors.

Error from Harvey district court; F. L. MARTIN, judge. Opinion filed August 15, 1898. Affirmed.

*A. L. Greene,* for plaintiff in error.

*Bowman & Bucher,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Harvey county by the plaintiff in error to recover from the defendant in error a certain crop of wheat, of which plaintiff in error claimed to be the absolute owner. Pollard claimed to be entitled to the possession of the wheat under a levy made thereon as the property of George Fleming by him as sheriff of said county, by virtue of an execution issued on a judgment rendered in favor of the Citizens' Bank of Sedgwick against George Fleming. The plaintiff below introduced its evidence, to which the defendant below demurred and the demurrer was by the court sustained. A review is asked by the plaintiff below on the judgment of the court in sustaining said demurrer.

The evidence tends to prove that, prior to and during the year 1891, one George Fleming was the owner of a

* Petition for order to certify denied by supreme court September 1, 1898.— REP.

quarter-section of land in Harvey county, and having become indebted to the Sedgwick City Bank he deeded the land to the bank to secure such indebtedness. Fleming remained in possession of the land under an oral agreement with the bank that he should retain from the proceeds of the crops raised by him thereon sufficient to sustain his family, and should pay the remainder to the bank to apply on his indebtedness to it.   In the fall of 1891, Fleming, being unable to procure the seed to put in a crop of wheat, agreed with Hall, the cashier of plaintiff in error, that he would furnish the personal labor requisite to plant, harvest, thrash and market the wheat, and that the bank should furnish the money to buy the seed wheat and pay all cash expenses in planting, harvesting, thrashing and marketing the wheat and should be the owner of the crop.

The question to be determined by us is, Was there any evidence tending to prove that the Sedgwick City Bank was the owner of the wheat in controversy? If so, then the court erred in sustaining the demurrer. If not, then the demurrer was rightfully sustained.

A careful analysis of the evidence shows that the bank was not the owner of the wheat, but at best had a lien on it to secure it for the payments it made in connection with the crop and to secure its indebtedness against Fleming.   Fleming owned the farm subject to the debts owing to the bank, and had possession of it and also had possession of the crop.   Fleming was charged with every dollar advanced to him by the bank and was to receive the benefit of every dollar realized from the crop.   It should all be applied on Fleming's indebtedness, and if for any reason the proceeds of the crop should more than pay the indebtedness of Fleming he would be entitled to the surplus.

The lien of the bank had not been reduced to possession or filed in the office of the register of deeds of that county, and therefore the levy was properly made on the wheat as the property of Fleming.

The judgment of the district court is affirmed.